UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DURWYN TALLEY, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| v. | )   13-CV-3069 |
| | ) |
| WEXFORD MEDICAL SOURCES, | ) |
| DR. BAKER, DR. FENOGLIO, | ) |
| AND NURSE PRACTITIONER | ) |
| HARDY, | ) |
| | ) |
|   Defendants. | ) |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Danville Correctional Center, seeks leave to proceed in forma pauperis on an alleged failure to effectively treat his medical condition during his incarceration in Western and Lawrence Correctional Centers. He also alleges retaliation for filing grievances. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted)). The factual "allegations must

plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56). However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

In February 2011, Plaintiff tested positive for H. pylori infection while incarcerated in Lawrence Correctional Center. Defendants Dr. Fenoglio and Nurse Hardy treated Plaintiff at Lawrence Correctional Center. At some point Plaintiff was transferred to Western Correctional Center. In August 6, 2012, in Western Illinois Correctional Center, Plaintiff was again tested for H. pylori infection and again tested positive. Defendant Dr. Baker treated Plaintiff at Western.

Plaintiff alleges that Dr. Baker, Dr. Fenoglio, and Nurse Hardy conspired to provide Plaintiff inappropriate treatment by agreeing together that only one antibiotic should be prescribed, even though two antibiotics are necessary to successfully treat an H. pylori infection.  Also, Plaintiff alleges that, in retaliation for his grievances, Dr. Fenoglio and Nurse Hardy sent false lab samples for testing, in order to create false evidence that Plaintiff's H. pylori infection had been cured.  However, Plaintiff then alleges that Dr. Fenoglio and Nurse Hardy altered Plaintiff's lab tests to falsely show that Plaintiff did have a bacterial infection, in order to force Plaintiff to take unnecessary antibiotics, which worsened Plaintiff's condition.  Dr. Baker allegedly retaliated against Plaintiff by waiting one month to inform Plaintiff of his test results.

Further, Plaintiff alleges that Defendants did not adequately treat his severe reflux, heartburn, stomach pain, and sinusitis.  He contends that he has been prescribed numerous antibiotics, acid-blockers, and antacids for three years, none of which has helped him.  He believes he should have been taken to an outside hospital for gastrointestinal testing and treatment.

## ANALYSIS

Plaintiff arguably states an Eighth Amendment claim for deliberate indifference to his serious medical needs.  A plausible inference of a serious medical need arises from Plaintiff's description of his pain and symptoms.  An inference of deliberate indifference arguably arises from Plaintiff's allegations that Defendants deliberately gave him ineffective or inappropriate treatment over the course of several years.  Nurse Hardy likely did not have the authority to diagnose or prescribe treatment, but that determination would be premature.

However, Wexford Health Sources cannot be held liable for its employees' constitutional violations simply because Wexford is the employer.  Wexford is liable only if an unconstitutional policy or practice of Wexford caused Plaintiff's harm.  <u>Woodward v. Correctional Medical Services of Illinois, Inc.</u>, 368 F.3d 917 (7th Cir. 2004); <u>Maniscalco v. Simon</u>, --- F.3d ---, 2013 WL 1352521 *6 (7th Cir. 2013)(no respondeat superior liability for private corporation).  No plausible inference arises from Plaintiff's allegations that his constitutional deprivations were caused by Wexford Health Sources, Inc..  Accordingly, Plaintiff's Eighth Amendment claim will proceed

against Defendants Dr. Baker, Dr. Fenoglio, and Nurse Hardy, but not Wexford.

Plaintiff's retaliation claim is difficult to understand, but he seems to contend that Defendants' inappropriate treatment decisions were motivated by a desire to retaliate against Plaintiff for his grievances. He also seems contends that labs were falsified in retaliation for Plaintiff's grievance. At this early stage, the Court concludes that Plaintiff states a First Amendment claim that Defendants retaliated against Plaintiff for filing grievances.

Plaintiff states that he is also pursuing supplemental state law claims, but he does not identify his state claims. If Plaintiff intends to pursue a state law malpractice claim, he must attach a physician's report finding some merit to a malpractice claim, which he has not done. 735 ILCS 5/2-622.

**IT IS THEREFORE ORDERED:**

1) The merit review scheduled for April 22, 2013 is cancelled. The clerk is directed to notify Plaintiff's prison of the cancellation.

2) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs and a First Amendment claim for retaliation against him for filing grievances. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used

only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    5)    Defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

    6)    Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be stricken by the Court.

    7)    Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on

Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8)   This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on July 1, 2013 at 1:30 p.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference.  The conference will be cancelled if service has been accomplished and no pending issues need discussion.  Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

9)   Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10)   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO** send to each Defendant pursuant to this District's internal

procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) this order.

ENTERED:     April 19, 2013

FOR THE COURT:

                              **s/Sue E. Myerscough**
                         SUE E. MYERSCOUGH
         UNITED STATES DISTRICT JUDGE